IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL NO. 325 PENSION
FUND, by James F. Collins and Kimberly A.
Bautista, *et al.*,

                Plaintiffs,        Civil Action No.
                                              5:09-CV-0800 (FJS/DEP)

   v.

M. GLEASON & SONS OF BINGHAMTON, NY, INC.,
and ROBERT M. GLEASON,

                Defendants.

---

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFFS:

BLITMAN, KING LAW FIRM          JENNIFER A. CLARK, ESQ.
Franklin Center
443 North Franklin St.
Suite 300
Syracuse, New York 13204-1415

FOR DEFENDANTS:

ROBERT M. GLEASON, JR., *Pro Se*
129 Sheedy Road
Vestal, NY 13850

REPORT AND RECOMMENDATION

    The plaintiffs in this action, as trustees of various employee pension

and welfare benefit funds, have commenced this action pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.,* and section 301(a) of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), seeking recovery of unpaid contributions owed to the various funds. Named as defendants in the action are M. Gleason & Sons of Binghamton, N.Y., Inc., the employer of the workers on whose behalf the contributions should have been made, as well as Robert M. Gleason, Jr., alleged to have been an officer and shareholder of the defendant corporation at the relevant times.

Currently pending before the court is an application by the plaintiffs seeking sanctions based upon the failure of the individual defendant to comply with a prior discovery–related court order. Defendants have failed to submit any opposition to the motion and did not appear at the hearing scheduled to address plaintiffs' application. For the reasons set forth below, I recommend that plaintiffs' motion be granted, that the individual defendant's answer be stricken, and his default entered, and further that he be precluded from offering any evidence in opposition to plaintiffs' claim for damages. In addition, I recommend that the court *sua sponte* strike the

answer of the corporate defendant based upon its failure to appear through counsel despite being ordered by the court to do so, and that its default be entered as well.

I.      BACKGROUND

Plaintiffs commenced this action on July 13, 2009.  Dkt. No. 1.  Issue was thereafter joined on August 18, 2009 by the filing of an answer on behalf of both of the defendants, who at the time were represented by counsel.  Dkt. No. 8.  A pretrial conference was conducted in connection with the action pursuant to Rule 16 of the Federal Rules of Civil Procedure on November 16, 2009, and a uniform pretrial scheduling order was issued on that same date establishing certain deadlines including, *inter alia*, September 1, 2010 for the completion of pretrial discovery.  Dkt. No. 11.

On November 11, 2009, plaintiffs served defendants with written discovery demands, including a request for the production of documents, a request for admissions, and a deposition notice.  *See* Clark Aff. (Dkt. No. 26-1) ¶ 3 and Exh. A.  As will be seen, those requests have gone unanswered despite court intervention.

The landscape in connection with this action was considerably altered on September 28, 2010 when an application filed by defendants'

counsel seeking leave to withdraw was granted. Dkt. No. 17. The order granting that relief specifically informed defendant M. Gleason & Sons of Binghamton, N.Y., Inc., that as a corporation it cannot appear in the action *pro se*, and therefore directed that the defendants notify the court within thirty days of the date of that order of the identity of the attorney who would be representing the corporation in the action and further directed that new counsel promptly file a notice of appearance with the court. *See* Order Dated September 5, 2010 (Dkt. No. 17) ¶ 4. The order also cautioned that "[i]n the event of a failure of the corporate defendant to retain counsel within that time period or request and obtain an extension of the deadlines specified above, I [would] recommend that its answer be stricken and default be entered as against that defendant." *Id.* A copy of that order was served by defendants' former counsel upon Robert Gleason, Jr., who is listed as vice-president of the corporate defendant, on September 28, 2010, as directed by the court. *See* Dkt. No. 18. To date, there has been no appearance by substitute counsel on behalf of the corporate defendant.

On April 22, 2011, plaintiffs filed a motion with the court seeking to compel defendants to respond to their outstanding discovery requests. Dkt. No. 19. Following argument conducted during the course of a digitally

recorded telephone conference held on May 19, 2011, in which both defendant Robert Gleason and his former counsel, Dawn Lanouette, Esq., participated, an order was issued on June 13, 2011 granting the motion in large part, and directing the individual defendant to produce for plaintiffs' inspection and, if desired, for photocopying at plaintiffs' expense, complete project files, including time sheets, daily labor and material vouchers, invoices, and payments, for twenty-nine specified projects and additionally directing defendant Robert M. Gleason, Jr. to appear for deposition. Dkt. No. 23. No costs or attorney's fees were awarded in connection with that motion. *Id.*

On August 3, 2011, plaintiff moved seeking the issuance of sanctions, including a contempt order, the striking of the individual defendant's answer, an order precluding defendants from submitting evidence in opposition to the entry of judgment and in connection with the calculation of damages, and an award of costs and attorneys' fees. Dkt. No. 26. That motion was made returnable on September 14, 2011, and the individual defendant was directed to file a response to the motion by August 29, 2011. *Id.* Despite that directive defendants failed to submit any opposition to plaintiffs' motion, and in addition did not appear at the

5

scheduled hearing held on September 14, 2011.[1]

## II.     DISCUSSION

### A.     Legal Significance of Plaintiff's Failure to Respond

Opposition to plaintiffs' motion was due to have been filed on or before August 29, 2011, and oral argument was scheduled to be held in connection with the motion on September 14, 2011.  Despite this, defendant Gleason has neither responded in opposition to the motion nor did he appear at the scheduled hearing.  Under this court's local rules a party's failure to respond to a properly filed motion is generally regarded as the functional equivalent of consent to the granting of the motion. N.D.N.Y.L.R. 7.1(b)(3).  Before plaintiffs' unopposed motion may be granted, however, the court must first make a threshold finding that they have met their burden of facially demonstrating entitlement to the relief requested.  *Id.*; *see also McCall v. Pataki*, 232 F.3d at 321, 322-23 (2d Cir. 2000) (holding that plaintiff's failure to respond to a motion to dismiss in and of itself could not constitute basis for dismissal if plaintiff's complaint

---

[1] A separate discovery dispute, related to the individual defendant's failure to respond to a second round of interrogatories and discovery demands served by the plaintiffs in June, 2011 was addressed during a telephone conference conducted on August 31, 2011.  That conference resulted in the issuance of a text order directing the individual defendant to fully respond to those requests and advising him of the potential that his answer could be stricken in the event of a failure to comply.

stated a claim for relief); *White v. Mitchell*, 2001 WL 64756, at *1 n.2 (citing *McCall*).

### B. Defendant Robert M. Gleason, Jr.'s Failure To Comply With Prior Discovery Order

By order dated June 13, 2011 defendant Gleason was instructed, in plain and unequivocal terms, to provide plaintiffs with requested information concerning various projects in order to permit proper calculation of the amounts of contributions owing to the various plaintiff funds. Despite that order, which directed compliance within twenty days, the requested documents have not been provided.

The rule governing a party's failure to obey a court discovery order provides for an array of available sanctions to be awarded, in the court's discretion, ranging in severity up to and including dismissal of an action in the case of a recalcitrant plaintiff. Fed. R. Civ. P. 37(b)(2)(A); *see Gissinger v. Yung*, Nos. 04-CV-534 (CBA)(JO), 04-CV-5406 (CBA)(JO), 2006 WL 1329697, at *4-5 (E.D.N.Y. May 16, 2006).[2] The decision as to

---

[2] Rule 37(b), under which the pending motion is brought, provides in relevant part, that

> [i]f a party . . . fails to obey an order to provide or to permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

7

which of those available sanctions should be awarded in the event of a party's failure to comply with a legitimate discovery order is a matter entrusted to the sound discretion of the court. *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991). The court's broad discretion to impose sanctions pursuant to Rule 37(b)(2) is limited only by the requirement, expressly stated in the rule, that the sanction selected be "just" and that it relate to the particular claim to which the discovery order

---

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

was addressed. *Ins. Corp. of Ireland v. Compagnie des Bauxites*, 456 U.S. 694, 707, 102 S. Ct. 2099, 2106 (1982). The determination of whether a sanction is just must be weighed in light of the record as a whole. *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979).

In deciding which of the available sanctions under Rule 37(b) to award, some courts have looked for guidance to cases decided under Rule 41(b). *See, e.g.*, *Banjo v. United States*, No. 95 Civ. 633, 1996 WL 426364, at *5 (S.D.N.Y. Jul. 29, 1996) ("[I]t is appropriate to be guided by those factors which courts consider before dismissing a case under Rule 41(b) prior to dismissing the case under Rule 37."); *Almonte v. Coca-Cola Bottling Co. of New York*, 169 F.R.D. 246, 249 n. 4 (D.Conn.1996) ("[T]he factors for dismissal under Rule 41(b) are helpful in considering a dismissal under Rule 37."). The propriety of a Rule 41(b) dismissal for failure to comply with an order of the court and/or for failure to prosecute is informed by five relevant factors, including

> (1) the duration of the plaintiff's failure to comply [with the court order], (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar

9

> congestion, and protecting a party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*Shannon v. Gen. Elect. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (failure to prosecute action) (citation and internal quotation marks omitted).

It gives the court pause that the individual defendant in this case is unrepresented. It has been observed, however, that

> [w]hile *pro se* litigants are given special latitude, this is not a reason for non-compliance with specific and numerous Court Orders. . . . 'When a party seeks to frustrate [the orderly progression of discovery] by disobeying orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate.'

*LaGrande v. Adecco*, No. 1:03-CV-1453, 2006 WL 2806402, at *10 (N.D.N.Y. Sep. 28, 2006) (citations omitted) (Sharpe, J.). "If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal." *MacDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) (quoting *Maness v. Meyers*, 419 U.S. 449, 458, 95 S. Ct. 584, 591 (1975) (internal quotations omitted)). In the words of the Second Circuit when faced with similar conduct and reviewing the penalty of dismissal, a party's "wilful, obstinate refusal to play by the

10

basic rules of the system upon whose very power [he] is calling [on] to vindicate his rights" cannot be tolerated. *McDonald*, 850 F.2d at 124 (quoting *McDonald v. Head Criminal Court Supervisor Officer*, 117 F.R.D. 55, 58 (S.D.N.Y. 1987)). "[W]hile *pro se* litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including *pro ses*, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." *Id.*

In this instance, both the court and plaintiffs' counsel have been extremely patient with defendant Gleason and have made every effort to enlighten him as to his obligations toward the plaintiffs and the court in connection with this action, to no avail. Under these circumstances, his *pro se* status should not stand in the way of the granting of the relief now sought by the plaintiffs.

In determining the appropriate remedy to recommend I am mindful of the preference for resolving matters based upon relative merit rather than on the basis of a procedural or technical default. *See, e.g., Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993); *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981). Nonetheless there comes a time when a

11

failure to comply with the requirements of the Federal Rules of Civil Procedure, the local rules of the court, and importantly, court orders, cannot be over looked.

The record firmly establishes that defendant Gleason has failed to comply with a court directive. Turning to the appropriate sanction to be awarded, I recommend against a finding of contempt, although plainly defendant Gleason has sufficiently evinced his non-compliance with the court's order to warrant such a finding. Instead, having carefully considered the history of his case against the backdrop of the relevant factors to be considered, I recommend that defendant Gleason's answer be stricken, his default entered, and that he be precluded from offering evidence at any subsequent proceeding to determine damages to be included in a judgment against him. *See McDonald*, 850 F.2d at 124.

Turning to plaintiffs' request for an award of costs and attorney's fees associated with this motion, that request is predicated upon Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure, which provides that

> [i]nstead of or in addition to the orders above [awarding sanctions], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the failure was substantially justified or other

circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C); *see Novak v. Wolpoff & Abramson LLP*, 536 F.3d. 175, 178 (2d Cir. 2008); *Catskill Associates, L.L.C. v. Benza*, No. 1:08-CV-598, 2009 WL 3756593, at *3 (N.D.N.Y. Nov. 6, 2009) (Treece, M.J.).  As can be seen, Rule 37(b)(2)(c) mandates an award of costs and attorney's fees absent a finding that one of the two specified exceptions applies.  "[T]he test for avoiding the imposition of attorney's fees for resisting discovery in district court is whether the resistance was 'substantially justified'.... [T]hat has never been described as meaning 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute' ... or 'if reasonable people could differ' " regarding the appropriateness of the conduct at issue.  *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550 (1988) (citations omitted).

 In this instance I find no basis to conclude that the defendant's failure to comply with the court's order was substantially justified, nor do I discern any circumstances making an award of expenses unjust.  Accordingly, I recommend that in addition to the recommended substantive relief, the court include a provision for awarding plaintiffs' their costs, including a reasonable attorney's fee associated with this motion.

C. <u>Failure of Corporate Defendant to Appear Through Counsel</u>

On September 25, 2010, the defendants were advised by the court that the corporate defendant would be required to appear in the action through an attorney, and the corporate defendant was given thirty days to retain counsel. Despite the passage of nearly one year since the issuance of that order, no attorney has appeared in the action on behalf of the corporate defendant.

It is well-established that with few exceptions, none of which apply this instance, a corporation may not defend itself *pro se* in an action filed in a federal district court, but instead must be represented by counsel. *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (collecting cases); *see also Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997). As one court, confronting a set of circumstances similar to those at bar, observed,

> [w]hile a corporation is a legal entity, it is also an artificial one, existing only in the contemplation of the law; it can do no act, except through its agents. Since a corporation can appear only through its agents, they must be acceptable to the court; attorneys at law, who have been admitted to practice, are officers of the court and subject to its control.

*Brandstein v. White Lamps*, 20 F. Supp. 369, 370 (S.D.N.Y. 1937); *Jones*,

722 F.2d at 22.  Since defendant M. Gleason & Sons of Binghamton, NY, Inc. is a corporation but has not appeared in this action through counsel, its answer is subject to being stricken by the court.  *Brandstein*, 20 F. Supp. at 371; *see also Washco v. Events Int'l., Inc.*, No. 88-CV-957, 1989 WL 3819, at *1 (N.D.N.Y. Jan. 17, 1989) (Munson, J.).

In light of the circumstances presented and the warning given by the court to the corporate defendant that the failure to appear through counsel could result in the striking of its answer, I recommend that the court strike the answer of defendant M. Gleason & Sons of Binghamton, N.Y., Inc., and enter that defendant's default.   I also recommend, since much of the information requested from the individual defendant through failed discovery requests concerns this issue, that the corporate defendant similarly be precluded from offering evidence at any subsequent proceeding to address the issue of damages to be awarded in the case.

III.     SUMMARY AND RECOMMENDATION

Based upon the circumstances now presented and the disinterest shown by both defendants, particularly through their failure to adhere to legitimate court directives, it is hereby respectfully

RECOMMENDED, that the answers of both defendants in this action

(Dkt. No. 8) be stricken, and that the clerk be directed to enter default on the part of both defendants; and it is further

RECOMMENDED, that plaintiffs be awarded costs, including reasonable attorney's fee, incurred in connection with defendants' failure to provide discovery, in an amount to be determined in the court's discretion.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court within FOURTEEN days.  FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1);  FED. R. CIV. P.  6(a), 6(e), and 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

_David E. Peebles_
David E. Peebles
U.S. Magistrate Judge

Dated:   September 16, 2011
         Syracuse, NY