UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

INTERNATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS LOCAL NO. 325 PENSION FUND by
James F. Collins and Kimberly A. Bautista, as Trustees;
INTERNATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS LOCAL NO. 325 ANNUITY FUND by
James F. Collins and Kimberly A Bautista, as Trustees;
INTERNATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS LOCAL NO. 325 JOINT APPRENTICESHIP
TRAINING COMMITTEE FUND by James F. Collins and
Kimberly A. Bautista, as Trustees; LOCAL UNION NO.
325, INTERNATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS AND EMPLOYERS COOPERATIVE TRUST
FUND by James F. Collins and Kimberly A. Bautista, as
Trustees; NATIONAL ELECTRICAL BENEFIT FUND by
Ben Cook and Edwin D. Hill, as Trustees; NECA-IBEW
NATIONAL LABOR-MANAGEMENT COOPERATION
COMMITTEE TRUST FUND by Ben Cook and Edwin D. Hill
as Trustees; SOUTHERN TIER CHAPTER - NECA by
Kimberly A. Bautista, Chapter Manager; and INTERNATIONAL
BROTHERHOOD OF ELECTRICAL WORKERS
LOCAL UNION NO. 325 by James F. Collins, Business
Manager,

                                      Plaintiffs,

                                        v.                                                            5:09-CV-800
                                                                                 (FJS/DEP)

M. GLEASON & SONS OF BINGHAMTON, NY, INC.
and ROBERT M. GLEASON, JR., Individually and as an
Officer of M. Gleason & Sons of Binghamton, NY, Inc.,

                                      Defendants.
_____

**APPEARANCES**                                              **OF COUNSEL**

**BLITMAN & KING LLP**                      **JENNIFER A. CLARK, ESQ.**
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204-1415
Attorneys for Plaintiffs

**M. GLEASON & SONS OF**          **NO APPEARANCE**
**BINGHAMTON, NY, INC.**

**ROBERT M. GLEASON, JR.**
Vestal, New York 13850
Defendant *pro se*

**SCULLIN, Senior Judge**

## ORDER

      Plaintiffs commenced this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.*, and section 301(a) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. 185(a), seeking recovery of unpaid contributions owed to the various Plaintiffs. Defendants in this action are M. Gleason & Sons of Binghamton, N.Y., Inc. ("Defendant Corporation"), the employer of the workers on whose behalf Defendants should have made contributions to Plaintiffs, and Robert M. Gleason, Jr., whom Plaintiffs allege was an officer and shareholder of Defendant Corporation at the relevant times.

      On August 3, 2011, Plaintiffs filed a motion seeking sanctions based on Defendant Gleason's failure to comply with a prior discovery-related court order. *See* Dkt. No. 26. Defendants did not submit any opposition to the motion and did not appear at the hearing that Magistrate Judge Peebles scheduled to address the motion. In a Report and Recommendation dated September 16, 2011, Magistrate Judge Peebles recommended that the Court *sua sponte* strike Defendant Corporation's answer based on its failure to appear through counsel despite the Court's order to do so, direct the Clerk of the Court to enter a default judgment against Defendant Corporation, and preclude Defendant Corporation "from offering evidence at any subsequent

-2-

proceeding to address the issue of damages to be awarded in this case." *See* Report and Recommendation at 15.  In addition, Magistrate Judge Peebles recommended that the Court strike Defendant Gleason's answer, direct the Clerk of the Court to enter a default judgment against him, and preclude him "from offering evidence at any subsequent proceeding to determine damages to be included in the judgment against him." *See id.* at 12.  Finally, Magistrate Judge Peebles recommended that the Court award Plaintiffs costs, including reasonable attorney's fees, incurred in connection with Defendants' failure to provide discovery. *See id.* at 16.

Defendants did not file any objections to these recommendations.

When a party does not object to a magistrate judge's report-recommendation, the court reviews that report-recommendation for clear error or manifest injustice.  *See Linares v. Mahunik*, No. 9:05-CV-625, 2009 WL 3165660, *10 (N.D.N.Y. July 16, 2009) (citation and footnote omitted).  After conducting this review, "the Court may 'accept, reject, or modify, in whole or in part, the . . . recommendations made by the magistrate judge.'"  *Id.* (quoting 28 U.S.C. § 636(b)(1)(C)).

The Court has reviewed Magistrate Judge Peebles' September 16, 2011 Report and Recommendation for clear error and manifest injustice; and, finding none, the Court hereby

**ORDERS** that Magistrate Judge Peebles' September 16, 2011 Report and Recommendation is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Defendants' answer is **STRICKEN**; and the Court further

**ORDERS** that the Clerk of the Court shall enter a default judgment against Defendants

on the issue of liability; and the Court further

    **ORDERS** that Plaintiffs' motion for an award of costs, including attorney's fees, in the amount of **$4,051.34** is **GRANTED**;[1] and the Court further

    **ORDERS** that Plaintiffs shall file affidavits and other documentation to support their claim for damages against Defendants within **twenty days** of the date of this Order; and the Court further

    **ORDERS** that Defendants are precluded from offering any evidence in opposition to Plaintiffs' request for damages.

**IT IS SO ORDERED.**

Dated: December 14, 2011
       Syracuse, New York

                                                  Frederick J. Scullin, Jr.
                                                  Senior United States District Court Judge

---

[1] The Court will include this award in the judgment that it enters after reviewing Plaintiffs' submissions regarding damages.